IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ADAM PUTNAM**<br>5002 Strauss Court<br>Fredericksburg, VA 22407<br><br>and<br><br>**CLINTON TURNER**<br>9713 Summit Circle 2A<br>Largo, MD 20774<br><br>and<br><br>**JEFFERY DIXON**<br>161 Sharons Lane<br>Martinsburg WV 25403<br><br>and<br><br>**LORENZO KING**<br>7053 Napa Drive<br>Chesapeake Beach, MD 20732<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>**CENTERRA GROUP, LLC**<br>13530 Dulles Tech Drive #500<br>Herndon, VA 20171<br><br>　　　Defendant. | **Civil Action No. 8:22-CV-01984** |

### CLASS ACTION COMPLAINT

1.　This case arises out of Centerra Group, LLC's systemic, company-wide failure to pay Plaintiffs and dozens of similarly situate Officers the minimum wages, overtime wages and

1

compensation to which they are or were entitled for work performed for Defendant Centerra Group, LLC.  Plaintiffs are current employees of Defendant, and they bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) and the District of Columbia Minimum Wage Act (DCMWA), D.C. Code § 32-1012, against Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to compensation and overtime compensation. Plaintiff Jeffery Dixon also brings this action as a class action on behalf of himself and all others similarly situated in accordance with Fed. R. Civ. P. 23, the Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL).  Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201, compensation, damages, liquidated damages, treble damages, attorneys' fees, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq., the DCMWA, D.C. Code § 32-1001, et seq., the MWHL, Md. Code. Ann., Lab. & Empl. § 3-401, et seq., and the MWPCL, Md. Code. Ann., Lab. & Empl. § 3-501, et seq.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. This Court also has supplemental jurisdiction over Plaintiffs' claims under D.C. and Maryland law pursuant to 28 U.S.C. § 1367.

4. Venue lies within this district pursuant to 28 U.S.C. § 1391. Venue is proper in the United States District Court for the District of Maryland because Plaintiffs reside in this District, Centerra conducts business in this District, and events or omissions giving rise to the claims in this case occurred in this District.

**PARTIES**

5. At all times material herein, each of the Plaintiffs has been employed by Defendant at the Dep't of Energy Headquarters, Forrestal and Portals III facilities, located in Washington, DC. In addition, Plaintiff Jeffery Dixon was employed Defendant at Dep't of Energy's facility in Germantown, MD. Plaintiffs have each given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b). Such consents are appended to this Complaint as **Exhibit A**. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the DCMWA. Plaintiffs also bring this action as a class action on behalf of themselves and all others similarly situated in accordance with Fed. R. Civ. P. 23, the MWHL, and the MWPCL.

6. Defendant Centerra Group, LLC ("Centerra" or "Defendant") is a limited liability corporation organized and existing under the laws of Delaware, with its headquarters in Herndon, Virginia. Its Maryland office is located at 6710 Oxon Hill Rd #200, Oxon Hill, MD. Defendant's registered agent for service of process in Maryland is CSC-LAWYERS INCORPORATING SERVICE COMPANY, 7 St. Paul St., Suite 1660, Baltimore. MD 21202.

7. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d), D.C. Code § 32-1002(3), Md. Code Ann., Lab. & Empl. § 3-401(b), and Md. Code Ann., Lab. & Empl. § 3-501(b). Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

8. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

9. At all times material herein, Defendant has been actively conducting business in

3

the District of Columbia and Maryland.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Centerra failed to pay the Plaintiffs and all others similarly situated the overtime premium rates required by the FLSA, 29 U.S.C. § 201, *et seq.*

11. Centerra failed to pay the Plaintiffs and all others similarly situated the overtime premium rate for all time worked over 40 hours per week, in violation of the overtime provisions of the FLSA.

12. Centerra's conduct was willful.

13. This action can, and should, be maintained as a collective action pursuant to 29 U.S.C. § 216(b) for all claims to unpaid overtime compensation, minimum wages, and liquidated damages that can be redressed under the FLSA.

14. Plaintiffs seek certification of these claims as a collective action on behalf all employees and former employees of Defendant who have been employed by Defendant as Security Officers, Security Police Officers, Fixed Post Readiness/Security Police Officers, Central Alarm Station Operators/Monitors, Badging Specialists, Senior Badging Specialists, Security Receptionists, Logistic Specialists, and Classified Destruction Facility Operators (referred to hereafter as "Officers") at the Dep't of Energy Headquarters, Forrestal, Portals III, and Germantown facilities, at any time during the period beginning three years prior to the date on which this action is filed and continuing to the date on which notice is issued of the opportunity to join this action.

15. Upon information and belief, there are around 200 Officers who have been subjected to the same unlawful conduct that the Plaintiffs challenge herein.

16. Members of the proposed collective action are similarly situated.

17. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices.

18. Members of the proposed collective action have been subjected to the same or substantially the same policy or practice that required or permitted them to perform work in excess of 40 hours per workweek without Centerra compensating such time at the premium rate of one-and-a-half times the base rate of pay.

19. The identities of the members of the proposed collective action are known to Centerra and can be located through Centerra's records. These individuals would benefit from the issuance of Court-supervised Notice and the opportunity to join this lawsuit.

20. Plaintiffs and the members of the proposed collective action should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

## D.C. LAW CLAIMS BROUGHT PURSUANT TO RULE 23(B)(3)

21. Pursuant to Federal Rule of Civil Procedure 23 and D.C. Rule of Civil Procedure 23, Plaintiffs bring class-action claims for unpaid wages (including overtime compensation) under the District of Columbia's Minimum Wage Act (MWA), D.C. Code § 32-1001, *et seq.*; and Wage Payment and Collection Law (WPCL), D.C. Code § 32-1302.

22. Plaintiffs bring these class-action claims on behalf of themselves and all other Officers and former Officers of Defendant who have been employed by Defendant at the Dep't of Energy Headquarters, Forrestal and Portals III in Washington, D.C. from three years prior to the filing of this action through the date on which notice is issued affording the right to opt out of any class certified pursuant to Rule 23(b)(3).

23. Members of the proposed Rule 23 District of Columbia Class are readily ascertainable. The identity of class members may be determined from Centerra's records.

24. The proposed District of Columbia Class meets all the requirements of Rule 23(a) and (b)(3).

25. Upon information and belief, at least 100 hundred persons have worked for Centerra as Officers at the Dep't of Energy Headquarters, Forrestal and Portals III in Washington, D.C and have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

26. Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

   a. Whether Defendant is not paying Plaintiffs for all time worked, including regular straight hours and overtime hours;

   b. Whether Defendant is not paying Plaintiffs on their designated pay days or within a reasonable and legally required period of time thereafter;

   c. Whether Defendant is not paying Plaintiffs their accurate pay earned in a timely manner;

   d. Whether "Guard Mount" is being paid at straight time rates, even when the work performed is after 40 hours worked in a work week;

   e. Whether Plaintiffs are being awarded the paid vacation they have been contractually promised;

   f. Whether Defendant is maintaining accurate pay records, and are the pay stubs it is providing to Plaintiffs are accurate;

   g. Whether Defendant is maintaining an accurate timekeeping system to record Plaintiffs' time worked and pay earned;

   h. Whether Defendant is reimbursing Plaintiffs for costs incurred, such as promised mileage cost for travel incurred on Defendant's behalf;

   i. Whether Plaintiffs are being compensated for straight time or overtime rates they are required to work performing mandatory, cardiovascular conditioning exercise for their jobs;

j.      Whether Plaintiffs and similarly situated Officers are being paid one and one-half times their regular rate of pay for hours worked over 40 hours in a work week;

k.      Whether as a result of the unpaid wage and overtime pay violations of the MWA and WPCL, the named Plaintiff, as well as all members of the DC Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendant and are entitled to an additional amount as liquidated damages;

l.      Whether as a result of the unpaid and overtime pay violations of the MWA and WPCL, the named Plaintiff and the members of the DC Class are also entitled to an award of attorneys' fees; and

m.      Whether Defendant's actions in failing to compensate the named Plaintiff and other members of the District of Columbia Class in accordance with the provisions of the MWA and WPCL were not in good faith.

n.      Whether, in addition to the amount of unpaid wages owing to the named Plaintiffs, and those similarly situated to Plaintiffs, they are also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. 216(b) and D.C. Code § 32-1012(a), and to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c).

27.      Plaintiffs and members of the proposed District of Columbia Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to the same compensation practices by Centerra, as alleged herein, and were denied payment of all earned wages, including unpaid wages, and payment at premium rates for all time worked over 40 hours per week. Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

28.      Plaintiffs are able to fairly and adequately protect the interests of all members of the Class, as they are challenging the same practices as the class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the proposed Class. Plaintiffs have retained counsel who have experience with the prosecution of wage-and-hour claims and class-action litigation.

29. The common questions identified above predominate over any individual issues. A class action is superior to other available means for the fair and efficient adjudication of this controversy.

30. Pursuit of this action as a class would provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the members of the proposed Class.

**MARYLAND LAW CLAIMS BROUGHT PURSUANT TO RULE 23(B)(3)**

31. Pursuant to Federal Rule of Civil Procedure 23 and D.C. Rule of Civil Procedure 23, Plaintiffs bring class-action claims for unpaid wages (including overtime compensation) under the MWHL and MWPCL.

32. Plaintiffs bring these class-action claims on behalf of themselves and all other Officers and former Officers of Defendant who have been employed by Defendant at the Dep't of Energy facility in Germantown, Maryland, from three years prior to the filing of this action through the date on which notice is issued affording the right to opt out of any class certified pursuant to Rule 23(b)(3).

33. Members of the proposed Rule 23 Maryland Class are readily ascertainable. The identity of class members may be determined from Centerra's records.

34. The proposed Maryland Class meets all the requirements of Rule 23(a) and (b)(3):

35. Upon information and belief, at least 75 persons have worked for Centerra at the Dep't of Energy facility in Germantown, Maryland and have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

36. Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more

questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

    a.    Whether Defendant is not paying Plaintiffs for all time worked, including regular straight hours and overtime hours;

    b.    Whether Defendant is not paying Plaintiffs on their designated pay days or within a reasonable and legally required period of time thereafter;

    c.    Whether Defendant is not paying Plaintiffs their accurate pay earned in a timely manner;

    d.    Whether "Guard Mount" is being paid at straight time rates, even when the work performed is after 40 hours worked in a work week;

    e.    Whether Plaintiffs are being awarded the paid vacation they have been contractually promised;

    f.    Whether Defendant is maintaining accurate pay records, and are the pay stubs it is providing to Plaintiffs are accurate;

    g.    Whether Defendant is maintaining an accurate timekeeping system to record Plaintiffs' time worked and pay earned;

    h.    Whether Defendant is reimbursing Plaintiffs for costs incurred, such as promised mileage cost for travel incurred on Defendant's behalf;

    i.    Whether Plaintiffs are being compensated for straight time or overtime rates they are required to work performing mandatory, cardiovascular conditioning exercise for their jobs;

    j.    Whether Plaintiffs and similarly situated Officers are being paid one and one-half times their regular rate of pay for hours worked over 40 hours in a work week;

    k.    Whether as a result of the unpaid wage and overtime pay violations of the MWHL and MWPCL, the named Plaintiff, as well as all members of the Maryland Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendant and are entitled to an additional amount as liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-427(a) and treble damages pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(b);

    l.    Whether as a result of the unpaid and overtime pay violations of the MWHL and MWPCL, the named Plaintiff and the members of the Maryland Class are also entitled to an award of attorneys' fees pursuant to Md. Code Ann., Lab. & Empl. §§ 3-427(a), 3-507(b); and

    m.    Whether Defendant's actions in failing to compensate the named Plaintiff and

other members of the Maryland Class in accordance with the provisions of the MWHL and the MWPCL were not in good faith.

37. Plaintiffs and members of the proposed Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to the same compensation practices by Centerra, as alleged herein, and were denied payment of all earned wages, including unpaid wages, and payment at premium rates for all time worked over 40 hours per week. Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

38. Plaintiffs are able to fairly and adequately protect the interests of all members of the Class, as they are challenging the same practices as the class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the proposed Class. Plaintiffs have retained counsel who have experience with the prosecution of wage-and-hour claims and class-action litigation.

39. The common questions identified above predominate over any individual issues. A class action is superior to other available means for the fair and efficient adjudication of this controversy.

40. Pursuit of this action as a class would provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the members of the proposed Class.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

41. Plaintiffs are or were regular full-time and part-time Protective Force, which includes Security Officers, Security Police Officers, Fixed Post Readiness/Security Police Officers, Central Alarm Station Operators/Monitors, Badging Specialists, Senior Badging

Specialists, Security Receptionists, Logistic Specialists, and Classified Destruction Facility Operators (referred to collectively as "Officers"), who are or were employed by Defendant, at the Dep't of Energy Headquarters, Forrestal, Portals III, and Germantown facilities.

42. Plaintiffs and other similarly situated Officers perform high level security functions, safeguarding people and property who access the facilities at the Dep't of Energy. Plaintiffs are responsible for providing armed security services, controlling ingress and egress, monitoring security cameras, and performing other security functions twenty-four hours per day, seven days per week.

43. On or about May 17, 2022, the Dep't of Energy Headquarters contract on which Plaintiffs were and are working was transferred to Defendant Centerra. Plaintiffs and other similarly situated Officers became employees of Centerra, effective immediately.

44. Immediately upon assuming the role of the Employer of Plaintiffs and the other similarly situated Officers, Centerra initiated its unlawful pay practices including, but not limited to, the practices referenced herein, above and below.

45. Plaintiffs Putnam, Turner, Dixon and King work a fixed schedule every week, plus scheduled and unscheduled overtime, and per Centerra and Dep't of Energy requirements, accurately report their time worked each shift. Nevertheless, Centerra has routinely not been paying Plaintiffs for all time worked, including regular straight time hours and overtime hours. Centerra has acknowledged that it is not properly paying Plaintiffs.

46. Defendant is not paying Plaintiffs Putnam, Turner, Dixon and King, and other similarly situated Plaintiffs, for time worked on their designated pay days. When Putnam, Turner, Dixon and King, and other similarly situated Plaintiffs are paid, their pay stubs do not accurately reflect the time they worked, or their pay entitlements, including straight time and

overtime. Centerra is not maintaining accurate pay records or an accurate time keeping system, and the pay stubs it is providing to Plaintiffs are not accurate

47.    "Guard Mount", mandatory work time designated by Centerra to be spent "gearing up" and "gearing down", handling the transition of work tasks, and other work functions, is being paid to at straight time rates, if at all, even when the work performed on Guard Mount is after 40 hours worked in a work week. There is no basis for treating this mandated work time differently than any other work time.

48.    Putnam, Turner, Dixon and King, and other similarly situated Plaintiffs, are not being awarded the contractually earned, paid vacation to which they are entitled. Vacation is another form of earned pay Plaintiffs are being denied.

49.    Defendant is not reimbursing Plaintiffs for costs incurred, such as promised mileage cost for travel incurred on Defendant's behalf.

50.    Plaintiffs are not being compensated for straight time or overtime rates they are required to work on cardiovascular conditioning exercise.

51.    Plaintiffs are entitled to be paid one-and-a-half times their regular rate (the overtime premium) for time worked over 40 hours per workweek.

52.    None of the exemptions from overtime or other wage payments - under federal, District of Columbia or Maryland law - apply to Plaintiffs Putnam, Turner, Dixon and King or to those similarly situated.

53.    As Plaintiffs' employer, Centerra is responsible for paying all wages and premiums required by law.

54.    Centerra recklessly chose to disregard the consequences of its actions.

55.    As a result of Centerra's unlawful conduct, Plaintiffs and all other similarly

situated Officers have been denied payment at the legally required rates for all time and overtime worked and, therefore, they are entitled to their unpaid wages, liquidated damages, penalties, and all other available relief.

## **COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

56. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-55 above, and the paragraphs that follow.

57. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq. At all times material herein, Plaintiffs have worked in excess of the hourly levels for overtime compensation specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, Plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

58. Defendant has consistently denied Plaintiffs and similarly situated Officers the minimum wage and overtime compensation to which they are entitled under the FLSA by engaging in the actions referenced herein.

59. Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

60. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendant from Plaintiffs and similarly situated Officers for which the Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

61. The employment and work records for Plaintiffs and similarly situated Officers are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to

state at this time the exact amount owing to each of them. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of Defendant's liability can be ascertained.

### **COUNT TWO – VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT**

62. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-61 above, and the paragraphs that follow.

63. At all times material herein, Plaintiffs and similarly situated Officers have been entitled to the rights, protections, and benefits provided under the DCMWA, D.C. Code § 32-1001, et seq.

64. At all times material herein, Plaintiffs and similarly situated Officers have worked in excess of the hourly levels for overtime compensation specified in the DCMWA, D.C. Code § 32-1003(c). As a result, at all times material herein, Plaintiffs and similarly situated Officers have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

65. Defendant has consistently denied Plaintiffs and similarly situated Officers the minimum wage and overtime compensation to which they are entitled under the DCMWA by actions including, but not limited to, the following:

    a. Defendant Centerra is not paying Plaintiffs and similarly situated Officers for all time worked, including regular straight hours and overtime hours;

    b. Defendant is not paying Plaintiffs and similarly situated Officers on their designated pay days or within a reasonable and legally required period of time thereafter;

    c. Defendant is not paying Plaintiffs and similarly situated Officers their accurate

pay earned in a timely manner;

d. "Guard Mount", time designated by Centerra to be spent "gearing up" and "gearing down", handling the transition of work tasks, and other work functions, before and after work on post begins, is being paid at straight time rates, even when the work performed is after 40 hours worked in a work week.

e. Plaintiffs and similarly situated Officers are not being awarded the paid vacation they have been contractually promised;

f. Defendant is not maintaining accurate pay records, and the pay stubs it is providing to Plaintiffs and similarly situated Officers are inaccurate;

g. Defendant is not maintaining an accurate timekeeping system to record Plaintiffs' time worked and pay earned;

h. Defendant is not reimbursing Plaintiffs and similarly situated Officers for costs incurred, such as promised mileage cost for travel incurred on Defendant's behalf; and

i. Plaintiffs and similarly situated Officers are not being compensated for straight time or overtime rates they are required to work performing mandatory, cardiovascular conditioning exercise.

66. Defendant's violations of the DCMWA as alleged herein have been done in a willful and bad faith manner.

67. As a result of the aforesaid willful violations of the DCMWA, compensation has been unlawfully withheld by Defendant from Plaintiffs and similarly situated Officers for which the Defendant is liable, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

68. The employment and work records for the Plaintiffs and similarly situated

Officers are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendant is under a duty to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

### COUNT THREE – VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

69. Plaintiff Dixon repeats and incorporates by reference the allegations set forth in Paragraphs 1-68 above, and the paragraphs that follow.

70. At all times material herein, Plaintiff Dixon and similarly situated Officers have been entitled to the rights, protections, and benefits provided under the MWHL, Md. Code Ann., Lab. & Empl. § 3-401, et seq.

71. At all times material herein, Plaintiff Dixon and similarly situated Officers have worked in excess of the hourly levels for overtime compensation specified in the MWHL, Md. Code Ann., Lab. & Empl. § 3-415 and § 3-420.  As a result, at all times material herein, and similarly situated Officers have been entitled to overtime compensation at a rate of not less than one and one-half times her regular rate of pay for the hours of overtime she has worked.

72. Defendant has consistently denied Plaintiff Dixon and similarly situated Officers the wage and overtime compensation to which they are entitled under the MWHL by:

    a. Defendant Centerra is not paying Plaintiffs for all time worked, including regular straight hours and overtime hours;

    b. Defendant is not paying Plaintiffs on their designated pay days or within a reasonable and legally required period of time thereafter;

    c. Defendant is not paying Plaintiffs their accurate pay earned in a timely manner;

    d. "Guard Mount", time designated by Centerra to be spent "gearing up" and "gearing down", handling the transition of work tasks, and other work functions, before

and after work on post begins, is being paid at straight time rates, even when the work performed is after 40 hours worked in a work week.

e. Plaintiffs are not being awarded the paid vacation they have been contractually promised;

f. Defendant is not maintaining accurate pay records, and the pay stubs it is providing to Plaintiffs are inaccurate;

g. Defendant is not maintaining an accurate timekeeping system to record Plaintiffs' time worked and pay earned;

h. Defendant is not reimbursing Plaintiffs for costs incurred, such as promised mileage cost for travel incurred on Defendant's behalf; and

i. Plaintiffs are not being compensated for straight time or overtime rates they are required to work performing mandatory, cardiovascular conditioning exercise.

73. Defendant's violations of the MWHL as alleged herein have been willful and done in a bad faith manner.

74. As a result of the aforesaid violations of the MWHL, compensation has been unlawfully withheld by Defendant from Plaintiff Dixon and all members of the Maryland Class for which the Defendant is liable, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

75. The employment and work records for Plaintiff Dixon and the Maryland Class are in the exclusive possession, custody, and control of Defendant, and Plaintiff Dixon and the Maryland Class are unable to state at this time the exact amount owing to each of them. Defendant is under a duty imposed by Md. Code Ann., Lab. & Empl. § 3-424 to maintain and preserve payroll and other employment records from which the amounts of Defendant's liability

can be ascertained.

### COUNT FOUR – VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

76.     Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-75 above, and the paragraphs that follow.

77.     The Maryland Wage Payment and Collection Law requires employers such as Defendant to pay Plaintiff Dixon and similarly situated Officers all wages earned, including minimum and overtime wages, fully and timely. Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505.

78.     As alleged above, Defendant failed to compensate Plaintiff Dixon and all members of the Maryland Class for all wages earned and for all overtime compensate at the rate of one and one-half times their regular rate of pay pursuant to Md. Code Ann., Lab. & Empl. § 3-401, et seq.  This violates the prompt payment requirements of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501, et seq.

79.     Defendant has deprived Plaintiff Dixon and all members of the Maryland Class of timely paid wages pursuant to Md. Code. Ann., Lab. & Empl. § 3-502 by failing to pay them their full wages, including wages earned and overtime compensation, due within the applicable two-week period.

80.     As a result of the aforesaid violations of the MWPCL, compensation has been unlawfully withheld by Defendant from Plaintiff Dixon and all members of the Maryland Class for which the Defendant is liable, together with treble damages, as well as interest, reasonable attorneys' fees and the costs of this action. Md. Code Ann., Lab. & Empl. § 3-507.2.

81.     Defendant did not withhold the wages of Plaintiff Dixon and all members of the Maryland Class as a result of a *bona fide* dispute.

82. The employment and work records for Plaintiff Dixon and the Maryland Class are in the exclusive possession, custody, and control of Defendant, and Plaintiff and Maryland Class members are unable to state at this time the exact amount owing to each of them. Defendant is under a duty to maintain and preserve payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiffs and all similarly situated Officers pray that this Court grant relief against the Defendant as follows:

1. Enter a declaratory judgment declaring that Defendant has willfully and wrongfully violated its statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

2. Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

3. Award Plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal and District of Columbia law equal to their unpaid compensation, plus pre-judgment and post-judgment interest;

4. Award Plaintiff Dixon and all members of the Maryland Class monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under Maryland law equal to three times their unpaid compensation, plus pre-judgment and post-judgment interest;

5. Award Plaintiffs, all those similarly situated, and all members of the Maryland

Class their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

6. Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

August 9, 2022

Respectfully submitted,

/s/ Scott Kamins
Scott Kamins, Bar No. 22591
Offit Kurman P.A.
8850 Stanford Blvd.
Suite 2900
Columbia, MD 21045
(301) 575-0347 (phone)
(301) 575-0335 (facsimile)
skamins@offitkurman.com

/s/ Daniel Trujillo Esmeral
Daniel Trujillo Esmeral, Bar No.
Offit Kurman P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814
Phone: (240) 507 1700
Daniel.trujillo@offitkurman.com
*Attorneys for Plaintiff*

4868-5639-0955, v. 1